EL PASO AND SOUTHWESTERN COMPANY, PROSECUTOR, v. STATE BOARD OF TAXES AND ASSESSMENT OF NEW JERSEY, AND JOHN McCUTCHEON, COMPTROLLER OF THE STATE OF NEW JERSEY, RESPONDENTS.

Argued October 2, 1929—Decided April 19, 1930.

Before Justices TRENCHARD, LLOYD and CASE.

For the prosecutor, *Hiram Elfenbein* (*Adolph L. Engelke*, of counsel).

For the respondents, *William A. Stevens,* attorney-general, and *John Solan,* assistant attorney-general.

The opinion of the court was delivered by

TRENCHARD, J. The El Paso and Southwestern Company, the prosecutor of this writ, is seeking to review taxes assessed against it in the years 1923, 1924, 1925 and 1926, pursuant to an act entitled "An act to provide for the imposition of state taxes upon certain corporations and for the collection thereof" (*Pamph. L.* 1884; *p.* 232), and its amendments and supplements.

Under the terms of the statute (*Pamph. L.* 1921, *ch.* 337), the prosecutor and like corporations are required, on or before the first Tuesday of May annually, to make a return to the state board of taxes and assessment, and to therein state the amount of their issued and outstanding capital stock on January first preceding the making of such return, and to pay a franchise tax, at rates fixed in the statute, assessed on the

basis of issued and outstanding stock. Upon receipt of such return, the state board of taxes and assessment fixes the amount of the tax and certifies this amount to the state comptroller, who thereupon mails a statement thereof to the corporation against whom the tax is assessed. The rates which are applied where the corporation reports par value stock issued and outstanding differ from those applied when the report shows the issuance of stock of no-par value.

Now the prosecutor is seeking to have this court review franchise taxes that were assessed against it on the following dates: the tax for the year 1923 was assessed on July 3d, 1923; the tax for the year 1924 was assessed on July 7th, 1924; the tax for the year 1925 was assessed on August 6th, 1925; the tax for the year 1926 was assessed on July 6th, 1926.

It is stipulated that each of these assessments was fixed by the tax board by the use of the amount of the par value capital stock which the corporation reported as issued and outstanding for the respective years. It further appears that each of these reports was in accordance with the stock certificate "set-up" of the corporation.

The prosecutor contends that these reports should be disregarded and effect now given to a resolution of the corporation's board of directors of February 8th, 1921, and a certificate of amendment of its certificate of incorporation filed with the secretary of state on June 23d, 1922, to the effect that its capital stock be changed to shares of "no-par" value. But it seems reasonable clear that the resolution providing that "no-par" value stock be issued in exchange for par value stock, was not, in fact, complied with, and that no such stock was issued.

It is further stipulated that the taxes in question were paid by the prosecutor to the state on the following dates: the tax for the year 1923 on July 26th, 1923; the tax for the year 1924 on July 22d, 1924; the tax for the year 1925 on August 18th, 1925; the tax for the year 1926 on July 23d, 1926.

From the foregoing it will be observed that the tax for each of the years in question was paid by the prosecutor within

three weeks of the assessment dates. The payments were voluntary ones on the part of the prosecutor, the taxes being paid without any protest, and no appeals from the assessments, pursuant to chapter 44 of the laws of 1923, were ever taken by the prosecutor.

In such situation the unexplained failure by the corporation to apply for the vacation of the assessment in question, on the capital stock issued and outstanding, for more than three years after they were laid and voluntarily paid, is such laches as will bar a right to relief on *certiorari*.

In *Union Paper Co.* v. *Board of Assessors,* 73 *N. J. L.* 374, this court expressly held that failure by a corporation to apply for the vacation of an assessment, made by the state board of assessors on its capital stock issued and outstanding, for three or more years after it was laid and paid, is such laches as will bar a right to relief on *certiorari*.

In *Pompton Steel Co.* v. *Wayne,* 65 *N. J. L.* 487, an unexplained delay of three years in prosecuting a writ of *certiorari* to remove an assessment of taxes was held to be laches. The same rule was applied by this court in the case of *Cook* v. *Bayonne,* 80 *Id.* 596.

This case is barren of excuse or explanation of the long delay in applying for relief.

The writ will be dismissed, with costs.